**MANILA INDUSTRIES, INC.; Netsphere, Inc.; Munish Krishan, Plaintiffs—Appellants,**

v.

**ONDOVA LIMITED CO., d/b/a Compana, LLC; Jeffrey Baron, Defendants—Appellees,**

and

**Realty Investment Management LLC; HCB LLC, Defendants.**

No. 07–55232.

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted May 6, 2009.*

Filed June 5, 2009.

Charles Grant, Esq., Liner Yankelevitz Sunshine & Regenstreiff LLP, Los Angeles, CA, John W. Macpete, Esq., Storm LLP, Dallas, TX, for Plaintiffs–Appellants.

Randal C. Shaffer, Esq. Mateer & Shaffer, Dallas, TX, Lindsay R. Barton, Esq. Carrington Coleman Sloman & Blumenthal, LLP, Dallas, TX, for Defendants–Appellees.

Rosh D. Alger, Esq., Tom Bolt & Associates, PC Corporate Place, St. Thomas, U.S.V.I., for Defendants.

Before: THOMPSON, O'SCANNLAIN, and TALLMAN, Circuit Judges.

MEMORANDUM **

Manila Industries, Inc., Munish Krishan (the sole owner of Manila Industries, Inc.),

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and Netsphere appeal the district court's dismissal of their claims against Ondova Limited Co. for improper venue, and of their claims against Jeffrey Baron (the sole owner of Ondova) for lack of personal jurisdiction. The parties are familiar with the facts; we need not recount them here.

■ The claims against Ondova were properly dismissed. The business relationship between Manila Industries and Ondova was governed in part by a Bulk Registration Agreement. This agreement contained a forum selection clause providing that "any dispute ... arising out of or resulting from the construction, interpretation, enforcement, or any other aspect of this Agreement" must be brought in a "Court of competent jurisdiction sitting in and for the County of Dallas."

Each of Manila Industries's claims "relates in some way" to the rights and duties enumerated in the Bulk Registration Agreement. *See Manetti–Farrow, Inc. v. Gucci Am., Inc.,* 858 F.2d 509, 514 (9th Cir.1988). Manila Industries's claims "cannot be adjudicated without analyzing whether the parties were in compliance with the contract." *Id.* Accordingly, the claims are "within the scope" of the agreement's forum selection clause. *Id.*

■ The forum selection clause in the Bulk Registration Agreement may also be enforced against Netsphere, though Netsphere was not a party to the agreement. Netsphere claims rights to domain names which are covered by the Bulk Registration Agreement and Customer Registration Agreement between Manila Industries and Ondova. These claims are "closely related" to the Bulk Registration Agreement. Thus, the forum selection clause applies to Netsphere. *See Manetti–Farrow,* 858 F.2d at 514 n. 5.

■ The claims against Baron were also properly dismissed. Manila Industries failed to show the unity of interest re-

quired to pierce the corporate veil, and exercise jurisdiction over Baron as the alter ego of Ondova. *See Katzir's Floor and Home Design, Inc. v. M–MLS.com,* 394 F.3d 1143, 1149 (9th Cir.2004) ("The mere fact of sole ownership and control does not eviscerate the separate corporate identity that is the foundation of corporate law.").

■ In the alternative, Manila Industries argues that Baron should be subject to jurisdiction based on his own contacts with the forum state. Manila Industries failed to raise this argument before the district court, and we decline to entertain it on appeal. *See, e.g., Fed. Sav. and Loan Ins. Corp. v. Butler,* 904 F.2d 505, 509 (9th Cir.1990) ("As a general rule, an appellate court will not consider arguments which were not first raised before the district court, absent a showing of exceptional circumstances.").

The claims against Ondova and Baron were properly dismissed.

AFFIRMED.

TALLMAN, Circuit Judge—concurring in the judgment.

I agree that the claims against Ondova were properly dismissed. However, I disagree that the Bulk Registration Agreement governs this conflict. I write separately only to note that I would find that the Customer Registration Agreement is applicable as opposed to the Bulk Registration Agreement. The Bulk Registration Agreement contains language stating that it governs disputes "arising out of or resulting from" the Agreement. This language is not broad enough to find that the dispute "relates in some way" to that contract. *Manetti–Farrow, Inc. v. Gucci Am., Inc.,* 858 F.2d 509, 514 (9th Cir.1988).

The Customer Registration Agreement states that its forum selection clause governs "[a]ny action relating to this Agree-

ment." The dispute between Ondova and Manila most certainly "relates in some way" to the rights and responsibilities set forth in the Customer Registration Agreement. *Id.* Though Manila argues that the Bulk Registration Agreement governs whenever there is a conflict between that Agreement and the Customer Registration Agreement, I fail to see any conflict.

I would affirm the judgment on the alternative ground that the applicable contract is the Customer Registration Agreement. *See Dietrich v. John Ascuaga's Nugget,* 548 F.3d 892, 896 (9th Cir.2008) ("We ... may affirm on any ground supported by the record.").